# JOB COATES
## V.
# JOHN HARMON.

*Negotiable Instruments—Note—Signature on Face by Payee—Understanding of Parties—Instructions.*

1. Where a payee places his name with the maker on the face of a note for the purpose of constituting himself a joint maker, such signature can not be treated by a third party as a blank indorsement.

2. If a payee signs a note at the time it is executed by the maker, and upon an understanding that it shall only serve as a memorandum between them, no subsequent statement by the payee, in the absence of the maker, will render the latter liable to a third person.

3. In the case presented, this court holds that certain instructions given in behalf of plaintiff, touching indorsements in blank, should have been so qualified as to show that the position of the signature of the payee raised no presumption that it was intended as an indorsement, and that one refused on behalf of defendant, touching, among other things, the alleged understanding upon which the payee's signature was written, should have been given.

## [Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Morgan County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

This was an action brought by appellee, claiming as an indorsee upon a promissory note. The case was originally brought in a justice court, whence it was removed by appeal to the court below. Three trials were had before juries, each resulting in a verdict for the plaintiff. The two former verdicts were set aside by the court. On the last judgment was entered and this appeal taken by the defendant.

In February, 1882, John Meredith held an auction sale of cattle and other property in Franklin, Morgan county. The appellant purchased at such sale two steers for $126. According to the testimony of appellant and Meredith, at this time Meredith owed Coates on a note, $200. This note had been

left by appellant at home.   According to the testimony of Meredith and Coates it was then agreed that Meredith should sign a note from Coates to himself, and that it should stand as a memorandum of the amount with which Meredith should be credited, when he should settle his note for $200 held by Coates.   The truth of this testimony of Coates and Meredith is disputed by appellee.

This note, with others, was placed by Meredith in the Jacksonville National Bank without indorsement or assignment. During this time Meredith was buying and shipping cattle and appellee had guaranteed to the bank payment of any overdrafts he might make in this business.

The note in controversy was not paid by Coates and remained at the bank until 1886.   It was then given to appellee, who wrote over the signature of John Meredith, " pay to the order of John Harmon," and brought suit thereon in his own name.

A copy of the note is as follows:

"$126.                          FRANKLIN, Feb. 3, 1882.

Six months after date we promise to pay to the order of John Meredith, one hundred and twenty-six dollars, at 8 per cent. from date, if not paid at maturity.   Value received.
        (Signed)                    JOB COATES,
                                 JOHN MEREDITH."

Messrs. BROWN & KIRBY, for appellant.

Messrs. OWEN P. THOMPSON and W. P. CALLON, for appellee.

CONGER, J.   Without determining the disputed questions of fact in this case, the judgment of the Circuit Court will have to be reversed for errors which we deem material in the instructions, especially the fifth and seventh, of appellee, and in refusing to give appellant's eighth instruction.   The testimony of the parties was direct and explicit that the note was only intended as a memorandum of the amount of the purchase by Coates, to be afterward placed as a credit upon the note which Coates claimed to hold upon Meredith, and equally

explicit that Meredith's name was placed upon the face of the note below Coates' at the time of its execution, and with the intention and purpose, on the part of Meredith, of making himself a joint maker with Coates of the note. Now, if such was his purpose in signing the note, it could not be treated by a third person as a blank indorsement of the note.

The fifth instruction of appellee in substance tells the jury that if Meredith indorsed the note in blank, that is, by signing his name thereon without date, then appellee might treat such signature as an indorsement in blank, and that appellee would, if the note had been properly delivered to him by the bank, be presumed to be the *bona fide* owner of such note; and by the seventh they are told that an indorsement in blank is the signing his name by the payee upon the note without mentioning the assignee.

While these propositions of law are correct in general, we think as used in this case they tended to mislead the jury. They might have understood that, finding Meredith's name written below Coates', apparently as a joint maker, would give rise to the same presumption as if they had found it upon the back of the note. It is true in appellant's instructions, as given by the court, the jury are told that the note upon its face appears to be the joint note of Coates and Meredith, but we are of opinion that under the peculiar facts in reference to this note the instructions alluded to should not have been given without some qualification showing the jury clearly that the manner of Meredith's signature would raise no presumption that it was intended as an indorsement of the note. The following instruction presented by appellant was refused:

"8th. The court instructs the jury, for the defendant, that if they believe from the evidence that John Meredith signed the note sued on at the same time that it was signed by the defendant, Coates, and upon an understanding between him and Coates that the same should serve only as evidence of the amount which Meredith should be credited upon a settlement between them, then no subsequent statement made by Meredith, in the absence of Coates, would make Coates liable to any other person upon said note."

We think this should have been given, as it clearly stated the law, and we find nothing in the instructions given which ·supplies its place.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*